**PACIFIC SHIPYARDS INTERNATIONAL, LLC, Plaintiff—Appellant,**

v.

**TANADGUSIX CORPORATION; et al., Defendants—Appellees.**

No. 03–15791.

D.C. No. CV–02–00088–DAE.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2005.

Decided Aug. 12, 2005.

George W. Brandt, Jeffrey A. Griswold, Lyons, Brandt, Cook & Hiramatsu, Honolulu, HI, for Plaintiff-Appellant.

Paul Alston, William M. Tam, Alston Hunt Floyd & Ing, Michael L. Freed, Leslie C. Maharaj, Michael L. Freed & Associates, Honolulu, HI, Thomas P. Schlosser, Rob Roy Smith, Morisset Schlosser Jozwiak & McGaw, Seattle, WA for Defendants-Appellees.

Before KOZINSKI, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM *

Pacific Shipyards International, LLC ("PSI") appeals the district court's dismissal of its action alleging that Tanadgusix Corporation ("TDX") and Marisco Ltd. ("Marisco") violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq., by using wire and mail fraud to purchase the surplus dry dock *Ex–Competent* purportedly for use in Alaska, but really to use in Hawaii in competition with PSI's dry dock business there. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ 1. The district court did not err in finding that PSI lacked standing under RICO. Where, as here, the most direct victim of the defendants' fraud is the government, PSI has not shown that its injuries were proximately caused by the defendants. *See Oregon Laborers–Employers Health & Welfare Trust Fund v. Philip Morris Incorporated,* 185 F.3d 957, 963 (9th Cir.1999) (noting that a crucial factor to consider in evaluating proximate cause is the difficulty in ascertaining "the amount of the plaintiff's damages attributable to defendant's wrongful conduct").

■ 2. The district court did not err in finding that PSI had failed to allege a pattern of racketeering behavior as required under 18 U.S.C. § 1962. PSI has not shown that the district court erred in holding that PSI failed to allege with the particularity required under Fed. Civ. P.R. 9(b) the allegation that Marisco was involved in a fraudulent claim in or about 1988 or 1989 nor the allegation that TDX fraudulently obtained the *Cape Flattery.* As to the remaining allegations that defendants committed multiple acts of mail and wire fraud, each act arose from a single, isolated event: the fraudulent inducement of the government to donate the *Ex–Competent* to TDX. *See Durning v. Citibank, Int'l,* 990 F.2d 1133, 1138–39 (9th Cir. 1993).

■ 3. PSI's motion to strike specified portions of the Supplemental Excerpts of record is granted. Fed.App. P.R. 10; *Lowry v. Barnhart,* 329 F.3d 1019, 1024–25 (9th Cir.2003). PSI shall recover its reasonable attorneys' fees for its motion to strike the defendants' Joint Supplemental Excerpts of Record. We refer the case to the Appellate Commissioner for a determination of reasonable fees.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.